UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAVELL THOMPSON, )<br>)<br>Defendant. ) | Cause No. 2:21CR119-PPS |

## OPINION AND ORDER

Javell Thompson entered a plea of guilty to the charge of unlawful possession of a firearm by a felon. [DE 25, 27.] On August 16, 2022, I sentenced Thompson to a term of 77 months' imprisonment. [DE 40, 42.] No direct appeal has been taken. Thompson has now submitted a motion in which he requests a free copy of his sentencing transcript. [DE 48.] The motion was preceded by a letter submitted a week earlier, in which Thompson requested transcripts of both his sentencing and change of plea, as well as copies of his plea agreement, the indictment, the judgment, and an updated docket sheet. [DE 46.] That letter indicated that the documents were sought for Thompson to "continue [his] post conviction relief efforts." [*Id*.] The Clerk has responded to that inquiry with a letter explaining the cost for copies of the documents from the court file, and explaining that the court reporter was notified of his interest in transcripts. [DE 47.]

Although Thompson was previously determined to be indigent for purposes of appointment of counsel, the Court and the Clerk are under no obligation to provide Thompson with free copies of documents from the court file just for the asking. In

particular, a request for a transcript requires a further analysis. The common assumption that the court file contains transcripts of every hearing is mistaken. Instead, the initial preparation of a transcript of any court proceeding (other than for the court itself at the judge's request) involves payment of the fees of the court reporter:

> Upon the request of any party to any proceeding which has been so recorded *who has agreed to pay the fee therefor*...the reporter...shall promptly transcribe the original records of the requested parts of the proceedings and attach to the transcript his official certificate, and deliver the same to the party or judge making the request. The reporter...shall promptly deliver to the clerk for the records of the court a certified copy of any transcript so made.

28 U.S.C. §753(b) (emphasis added). In this case, a transcript of the sentencing hearing was not previously ordered, and no sentencing transcript has been produced.

Because the transcript Thompson requests has never been prepared, whether or not he can have a "free" copy ordered by the court (that is, a copy for which the court reporter's fees are paid by the United States rather than by defendant himself) is governed by 28 U.S.C. §753(f) and the Supreme Court's decision in *United States v. MacCollom*, 426 U.S. 317 (1976). As the Supreme Court explains in *MacCollom*, the statute "provides for a free transcript for indigent prisoners asserting a claim under §2255 if a judge certifies that the asserted claim is 'not frivolous' and that the transcript is 'needed to decide the issue.'" *Id*. at 320-21. Thompson has not yet filed a Motion to Vacate, Set Aside or Correct Sentence under §2255, and makes no showing that he has a non-frivolous claim for relief for which a transcript is necessary. So neither the statute nor the *MacCollom* decision supports the court's providing Thompson a free transcript at this

2

juncture. The transcript is available for the prescribed fee, and the court reporter has sent Thompson a letter advising him how to order transcripts, including their cost. [DE 49.]

**ACCORDINGLY:**

Javell Thompson's Request for Sentencing Transcripts [DE 48] is DENIED as to the provision of a sentencing transcript without cost at this time.

**SO ORDERED**.

ENTERED:  November 3, 2022.

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE